UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL ROACH, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:04-cv-1746 RLY/TAB |
| ) | | |
| PEDIGO HOLDINGS, INC., d/b/a PEDIGO ) | | |
| CHEVROLET and BOB PEDIGO, ) | | |
|     Defendant. ) | | |

**ENTRY ON DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Daniel Roach, has filed suit against Defendants, Pedigo Holdings Inc. and Bob Pedigo, alleging that he was fired in violation of the Family Medical Leave Act ("FMLA"). 29 U.S.C. § 2601 et seq. The matter is now before the court on Defendants' joint Motion for Summary Judgment. For the following reasons, Defendants' Motion for Summary Judgment is **granted**.

**I.    Introduction**

Roach began working for Pedigo in February 2002 as an auto technician. When he was hired, he received a copy of Pedigo's employee handbook. (Ex. 8 (acknowledgment form)). The employee handbook states that "[e]xcessive or unexcused absences or excessive tardiness will result in disciplinary action up to and including discharge." (Ex. 8 at 15).

Roach was frequently tardy and received several verbal warnings about his

1

tardiness. (Pedigo Aff. ¶ 14; Roach Dep. at 113). On April 29, 2003, Roach received a written warning regarding his repeated tardiness. (Ex. 2). On November 4, 2003, he was issued another written tardiness warning. (Ex. 3).

In September 2003, Roach was absent for five days due to his wife's back surgery. (Complaint ¶ 6). Roach concedes that there was no change in his pay or status as a result of the September 2003 absences. (Roach Dep. at 75).

In December 2003, Roach had a car accident and was absent for four days as a result of whiplash. (Roach Dep. at 77). Roach concedes that there was no change in his pay or status as a result of December 2003 absences. (Roach Dep. at 81).

In December 2003, Roach had an emergency appendectomy and was absent from December 26, 2003 through January 25, 2004. (Complaint ¶¶ 18-19). Roach submitted paperwork requesting FMLA leave for the appendectomy, and he was granted FMLA leave. (Brief in Support of Motion for Summary Judgment at 6). Roach returned to work on January 26. (Complaint ¶ 19).

The parties dispute whether Roach was tardy on January 26-29 and February 2-4 and 10, 2004, but they agree that Roach was absent February 5 and 6, 2004. (Complaint ¶¶ 21, 22). Roach's employment was terminated on February 10, 2004. According to Roach, he was terminated because of taking FMLA leave. (Roach Aff. ¶ 6). According to Defendants, he was terminated because of excessive absences and tardiness unrelated to FMLA leave. (Pedigo Aff. ¶ 34; Dodds Aff. ¶ 41).

## II. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322).

## III. Discussion

Roach's Complaint includes two claims. The first is that he was entitled to FMLA leave but did not receive it for his wife's surgery and his own whiplash in 2003. The second is that his termination was a result of discrimination because of his request for

FMLA leave.

### A.   Entitlement to Leave

For purposes of summary judgment, the court presumes that Roach was entitled to FMLA leave for his wife's surgery and his own whiplash. Defendants did not treat those absences as protected by FMLA. (Brief in Support of Motion for Summary Judgment at 5). However, "§ 2617 provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 88-89 (2002); *see also* 29 U.S.C. § 2617. Because Roach did not suffer any prejudice or penalty as a result of those absences, his FMLA rights were not violated. (Roach Dep. at 72-75, 80-82).

### B.   Discrimination Because of Leave

Roach's second claim is that he was terminated because he took FMLA leave for his appendectomy, not because of excessive absenteeism and tardiness. Roach could establish his claims of retaliation either directly or indirectly. *E.g.*, *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). Roach appears to choose the direct method, relying on the authority of *Troupe v. May Department Stores*, 20 F.3d 734 (7th Cir. 1994).

According to Roach, he can "show by circumstantial evidence, an inference of intentional discrimination . . . Plaintiff's personal records will show that other similarly situated fellow employees had been tardy more often . . . ." (Brief in Opposition to Summary Judgment at 7 (citing *Troupe*, 20 F.3d 734)). However, Roach did not submit those records into evidence. The sole evidence presented by Roach is his own affidavit.

(Roach Aff. ¶¶ 6-8). "It is well established in this Circuit that '[s]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment.'" *Patterson v. Chicago Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998) (quoting *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir.1993)).

The court finds that the only circumstantial evidence supporting Roach's claim is the temporal proximity between his leave and his termination. Given that Roach had received two prior written warnings (Exs. 2 and 3) about his attendance problems, and given his non-FMLA absences on February 5 and 6, temporal proximity is insufficient to create a question of material fact. *See*, *Buie*, 366 F.3d at 506-07.

Roach's claim also fails under the indirect method. The indirect method employs the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792, 802-03 (1973); *see also Kariotis*, 131 F.3d at 676 (applying *McDonnell Douglas* to an FMLA claim). The burden is on Roach to establish his prima facie case; if he does so, the burden shifts to Defendants to articulate a nondiscriminatory reason for their actions. *Id.* In order to establish his prima facie case, Roach must show that (1) he engaged in a statutorily protected activity; (2) he was subjected to an adverse employment action; (3) he was performing his job in a satisfactory manner; and (4) he was treated less favorably than any other similarly situated employee who did not engage in such protected activity. *See Buie*, 366 F.3d at 503; *see also McDonnell Douglas*, 411 U.S. at 802-03.

Roach has not established the third or fourth prongs of the prima facie case. Regarding the third prong, there is evidence before the court of repeated disciplinary

warnings being given to Roach. (*E.g.* Exs. 2 and 3). And regarding the fourth prong, Roach has offered no evidence to show that the other technicians employed by Pedigo were similarly situated to him. *See Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002) ([t]o meet his burden of demonstrating that another employee is "similarly situated," a plaintiff must demonstrate that there is someone who is directly comparable to him in all material respects").

**IV.    Conclusion**

Defendants' Motion for Summary Judgment is **granted**.

Dated: January 6, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Gregory Edward Bekes
GROTKE & BEKES
gbpc@att.net

Stephen L. Due
BINGHAM MCHALE
sdue@binghammchale.com

Allen Edward Grotke
GROTKE & BEKES
gbpc@att.net

Scott R. Leisz

BINGHAM MCHALE, LLP
sleisz@binghammchale.com

Michael W. Padgett
BINGHAM MCHALE LLP
mpadgett@binghammchale.com

John Robert Panico
GROTKE & BEKES
jrpanico@att.net